NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DENA M. DUARTE, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

AMAZON.COM, *Respondent Employer,*

AMERICAN ZURICH INSURANCE COMPANY, *Respondent Carrier*.

No. 1 CA-IC 15-0064
FILED 6-16-2016

Special Action – Industrial Commission
ICA Claim No. 20141-990486
Carrier Claim No. 30142441239-001
The Honorable Anthony F. Halas, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Dena M. Duarte, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent*

Jardine Baker Hickman & Houston, P.L.L.C., Phoenix
By Scott H. Houston
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge John C. Gemmill joined.

---

**P O R T L E Y**, Judge:

¶1 Dena Duarte seeks special action review of the Administrative Law Judge's ("ALJ") finding that her condition attributable to her industrial injury became medically stationary on March 2, 2015 without permanent impairment. For the following reasons, we affirm the award.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Duarte worked for Amazon.com as a stower in the warehouse, pushing a heavy cart and stocking bins. She was injured on July 2, 2014, while lifting a heavy tote at work and experienced a sharp, shooting pain originating in her groin, and running down her left leg. She was immediately evaluated, and declined treatment after a second evaluation later that day. Duarte then went to Dr. Darrell Kilcup, a chiropractor, and he ordered MRI studies and x-rays of her lumbar spine and pelvis, all of which were normal, and indicated no significant pathology.

¶3 Dr. John Beghin conducted an independent medical examination ("IME") of Duarte in October 2014. After reviewing her medical history, imaging studies, and conducting a physical examination, Dr. Beghin concluded that Duarte may have suffered a lumbar sprain/strain at work, but her presentation was "non-organic in nature." Dr. Beghin explained there was "no objective evidence of any pathology noted by physical examination or extensive imaging studies," and concluded that Duarte was at a permanent and stationary status regarding her lumbar spine, did not require supportive care, and could "perform any activity or work without restrictions."

¶4 The workers' compensation insurance carrier subsequently terminated Duarte's temporary compensation and medical benefits,

2

effective October 9, 2014 without permanent disability. Duarte filed a request for hearings, and hearings were held on March 2, June 4, and June 18, 2015.

¶5        The ALJ heard testimony from Duarte, Dr. Sherman, and Dr. Beghin, and issued his decision upon hearing, in which he adopted Dr. Beghin's findings and conclusions as "more probably correct and well-founded," and found that although Duarte had sustained a lumbar strain attributable to her industrial injury, her condition had become medically stationary by March 2, 2015, with no ratable permanent impairment or need for work restrictions or supportive care. Duarte requested review of the ALJ's decision, and after the ALJ affirmed the award and findings, she sought review by this court.

¶6        This court has jurisdiction under Arizona Revised Statutes sections 12-120.21(A)(2), 23-951(A), and Arizona Rule of Procedure for Special Actions 10.[1] We defer to the ALJ's factual findings, but review any legal conclusions de novo, *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003), and view the evidence in the light most favorable to sustaining the award, *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002) (citation omitted).

## DISCUSSION

¶7        Duarte challenges the ALJ's factual findings, asserting she is "still under restrictions" and medical care, and that she still suffers pain. She argues that review by this court is her opportunity to "prove [her] case," and submits several documents that were not part of the record before the ALJ.[2]

¶8        "We will uphold an ALJ's factual findings if they are reasonably supported by the evidence," *Munoz v. Indus. Comm'n*, 234 Ariz. 145, 148, ¶ 19, 318 P.3d 439, 442 (App. 2014) (citation omitted), and will not disturb an ALJ's resolution of conflicting medical evidence unless it is wholly unreasonable, *Rosarita Mexican Foods v. Indus. Comm'n*, 199 Ariz. 532, 535, ¶ 10, 19 P.3d 1248, 1251 (App. 2001) (citation omitted).

---

[1] We cite to the current versions of the statutes unless otherwise noted.

[2] Because we can only consider evidence presented to the ALJ for consideration and do not independently determine facts, we decline to consider any evidence not presented to the ALJ and included in the record. *See Lovitch*, 202 Ariz. at 105, ¶ 15, 41 P.3d at 643 (citation omitted).

¶9 Duarte testified that she continued receiving chiropractic care after the IME; and after attempting physical therapy, which did not improve her pain, was referred to Dr. Jason Sherman who diagnosed her with left sacroiliitis and low back pain, and subsequently administered three left sacroiliac joint injections. Dr. Sherman testified that he believed Duarte had a history of left-sided-sacroiliitis that was aggravated by the work incident, but that by the June 4, 2015 hearing, she was medically stable.

¶10 Although Duarte testified that at the time of her October IME she was "having a real hard time walking" due to the pain in her right posterior, groin, and left leg, Dr. Beghin testified that Duarte's symptoms strongly pointed toward a nonorganic, or psychogenic, disorder. Dr. Beghin re-examined Duarte in March 2015, and reported that her symptoms indicated a nonorganic issue, and that any relief Duarte appeared to receive from the first sacroiliac joint injection was "probably placebo in nature and compatible with the significant nonorganic issues identified at the first examination." He testified that Dr. Sherman's diagnosis of sacroiliitis was incorrect, explaining:

> [T]here is no objective evidence of any sacroiliac pathology . . . Dr. Sherman's use of the term sacroiliitis is incorrect because nowhere is there any objective evidence of sacroiliitis and that is a diagnosis made by objective testing. And . . . there are no tests isolating the sacroiliac joint and there are multiple other findings that point away from that. And I feel comfortable in my diagnosis and nothing that I have seen in the records would cause me to alter those things.

He concluded that Duarte "remain[ed] permanent and stationary in regard to the industrial incident without permanent impairment," and did not need any supportive care or work restrictions.

¶11 The ALJ's finding that Dr. Beghin's opinion was "more probably correct and well founded" was not unreasonable. Dr. Beghin was board certified in orthopedic surgery, focused his practice on the diagnosis and treatment of spinal problems, and was qualified to offer an opinion.

¶12 The ALJ is responsible for weighing the evidence and making findings on questions of fact, *Villanueva v. Indus. Comm'n*, 148 Ariz. 285, 288, 714 P.2d 455, 458 (App. 1985) (citations omitted), and we will not re-weigh

the evidence in the record "to see if we would find some evidence more or less persuasive or give it more or less significance," *Shaffer v. Ariz. State Liquor Bd.*, 197 Ariz. 405, 409, ¶ 20, 4 P.3d 460, 464 (App. 2000) (citation omitted). Moreover, we may not substitute our judgment for that of the ALJ, even if the record supports inconsistent conclusions, because "conflicting evidence can still be substantial." *Id.* (internal quotes and citations omitted).

**¶13** On this record, the ALJ reasonably resolved the conflicting evidence, and the finding that Duarte's condition had become medically stationary by March 2, 2015, with no ratable permanent impairment or need for work restrictions or supportive care, is supported by sufficient evidence.

## CONCLUSION

**¶14** For the foregoing reasons, we affirm the award.



Ruth A. Willingham · Clerk of the Court
FILED: AA